IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DONNIE BROWDER, | CV. 05-1440-PK |
| Plaintiff, | ORDER TO DISMISS |
| v. | |
| MICHAEL WASHINGTON, | |
| Defendant. | |

KING, District Judge.

Plaintiff, an inmate at the Oregon State Penitentiary, brings this civil rights action pursuant to 42 U.S.C. § 1983. However, for the reasons set forth below, Claims I & II of plaintiff's Complaint (#2) are dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2).

## BACKGROUND

Plaintiff alleges in Claim I of his Complaint (#2) that prior to the future disposition hearing wherein the Oregon Board of Parole and Post-Prison Supervision ("Board") denied his re-release in 1999, he was entitled to a hearing before the Board. Plaintiff

1 - ORDER TO DISMISS

alleges the Board should have considered his case and granted him a discharge from parole at this hearing. Plaintiff contends that the Board's failure to grant him such a hearing and discharge him from his parole obligations resulted in his wrongful arrest and re-imprisonment for a parole violation in contravention of his right to be free from double jeopardy under the Fifth Amendment.

In Claim II, plaintiff claims that as a consequence of his improper arrest and re-imprisonment, his rights under the Thirteenth Amendment to be free from slavery and involuntary servitude were also violated.

Finally, in Claim III, plaintiff claims that the Board's failure to follow its own discharge rules, as well as its denial of plaintiff's request for a hearing in 2003, violated his due process rights under the Fourteenth Amendment. Plaintiff seeks declaratory and injunctive relief.

## STANDARDS

Notwithstanding the payment of any filing fee or portion thereof, the court shall dismiss a case at any time if it determines that:

(B) the action . . .

    (I) is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

///

///

2 - ORDER TO DISMISS

> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2).

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. Tanner, 879 F.2d at 576.

In civil rights cases involving a Plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the Plaintiff the benefit of any doubt. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1998); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the Plaintiff with a statement of the complaint's deficiencies. McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that

3 - ORDER TO DISMISS

the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

**DISCUSSION**

Plaintiff's claims that defendants' actions violated his right to be free from double jeopardy under the Fifth Amendment (Claim I), and the his right to be free from slavery and involuntary servitude under the Thirteenth Amendment (Claim II), while raising federal constitutional issues, also indirectly challenge the validity of plaintiff's arrest for the parole violation and his current confinement. These claims relate to the Board's alleged failure to discharge plaintiff from parole and necessarily implicate the validity of his underlying sentence.

Accordingly, if plaintiff prevailed on these claims, it would imply the invalidity of his arrest, his re-imprisonment, and his underlying sentence. Plaintiff cannot bring such claims in a Section 1983 action unless he can prove that his arrest for the parole violation and the Board's subsequent re-imprisonment of him have already been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a state collateral proceeding or by issuance of a federal writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Harvey v. Waldron, 210 F.3d 1008, 1013 (9th Cir. 2000). He has not made such an allegation, therefore Claims I & II of plaintiff's Complaint (#2)

are dismissed with leave to re-file should he succeed in invalidating his arrest and current confinement.[1]

However, in Claim III, the court does note that plaintiff has challenged the Board's process in not granting him a hearing and considering him for discharge. Plaintiff contends that regardless of the hearing outcome, the Board was obligated to grant him such a hearing and consider his request for discharge. "[Section] 1983 remains available for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner." Wilkinson v. Dotson, 544 U.S. 74, __ (2005)(citing Wolff v. McDonnell, 418 U.S. 539 (1974)).

Critically then, because the Board might have granted plaintiff his hearing, considered his request for discharge, and then denied the request, success on his due process challenge would not imply the invalidity of plaintiff's. Consequently, plaintiff is permitted to bring his due process claim (Claim III) in this Section 1983 action.

///
///
///
///

---

[1] The court notes that plaintiff currently has a pending habeas case. If he is successful in invalidating his arrest and current confinement in that case, he is then free to bring a § 1983 action.

5 - ORDER TO DISMISS

**CONCLUSION**

Based on the foregoing, IT IS ORDERED that Claims I & II of plaintiff's Complaint (#2) are DISMISSED for failure to state a claim, and the dismissals are without prejudice to plaintiff's right to re-file these claims in a § 1983 action should he succeed in invalidating his underlying arrest and re-confinement on appeal or through a habeas corpus proceeding. This action shall proceed on Claim III of plaintiff's Complaint (#2) only.

The Clerk is DIRECTED to send a courtesy copy of this Order to Assistant Attorney General Leonard Williamson along with the Notice of Lawsuit and Request for Waiver of Service of Summons.

IT IS SO ORDERED.

DATED this 9th day of February, 2006.

_____
Garr M. King
United States District Judge