IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONNIE BROWDER,                                              CV. 05-1440-PK
                        Plaintiff,

                                                             FINDINGS AND
                                                             RECOMMENDATION

v.

MICHAEL WASHINGTON, MAX
WILLIAMS, BRIAN BELLEQUE,
BARBARA SULLIVAN, and BILL
DAVIS,
                        Defendants.

PAPAK, Magistrate Judge:

        Plaintiff Donnie Browder ("Browder") filed this suit pro se against defendants alleging

violations of 42 U.S.C. § 1983. Browder seeks what he labels "nominal" damages in the amount

of $750,000, compensatory damages in the amount of $2,250,000, and punitive damages in the

Page 1 - FINDINGS AND RECOMMENDATION

amount of $15,000,000,[1] as well as declaratory and injunctive relief. Defendants are employees of the Oregon Department of Corrections, the Oregon Board of Parole and Post-Prison Supervision, and Multnomah County. In February 2006, two of Browder's claims were dismissed, leaving only his claim for denial of due process rights under the Fourteenth Amendment. All defendants filed motions for summary judgment based on expiration of the statute of limitations, qualified immunity, and other grounds. Browder filed a cross motion for summary judgment. This court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons set forth below, this court recommends granting defendants' motions for summary judgment (#44, #47), and denying plaintiff's cross motion for summary judgment (#55).

LEGAL STANDARD

A party is entitled to summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Bahn v. NME Hospitals, Inc., 929 F.2d 1404, 1409 (9th Cir. 1991).

The moving party carries the initial burden of proof. The party meets this burden by identifying portions of the record on file which demonstrate the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Once the initial burden is satisfied, the burden shifts to the non-moving party to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Id.

The court must view the evidence in the light most favorable to the non-moving party.

---

[1] See Plaintiff's Memorandum in Support of Plaintiff's Response to Defendants' Motion for Summary Judgment ("Plaintiff's Memo in Support") at ¶ 56.

Page 2 - FINDINGS AND RECOMMENDATION

Bell v. Cameron Meadows Land Co., 669 F.2d 1278, 1284 (9th Cir. 1982).  All reasonable doubt

as to the existence of a genuine issue of fact should be resolved against the moving party.

Hector v. Wiens, 533 F.2d 429, 432 (9th Cir. 1976).  The inferences drawn from the underlying

facts must be viewed in the light most favorable to the party opposing the motion.  Valadingham

v. Bojorquez, 866 F.2d 1135, 1137 (9th Cir. 1989).

        However, deference to the non-moving party does have some limit.  The non-moving

party "must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ.

P. 56(e).  Self-serving affidavits will not establish a genuine issue of material fact if they fail to

state facts based on personal knowledge or are too conclusory.  Rodriguez v. Airborne Express,

265 F.3d 890, 902 (9th Cir. 2001).  The "mere existence of a scintilla of evidence in support of

the [non-moving party's] position would be insufficient."  Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 252 (1986).  Therefore, where "the record taken as a whole could not lead a rational

trier of fact to find for the non-moving party, there is no genuine issue for trial."  Matsushita

Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

        When considering a motion for summary judgment, the district court's role is not to

weigh the evidence, but merely to determine whether there is a genuine issue for trial.

Anderson, 477 U.S. at 249; Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997).  On cross-

motions for summary judgment, the court must consider each motion separately to determine

whether either party has met its burden with the facts construed in the light most favorable to the

non-moving party.  Fed. R. Civ. P. 56; Fair Housing Council of Riverside County, Inc. v.

Riverside Two, 249 F.3d 1132, 1136 (9th Cir. 2001).  Summary judgment, of course, may not be

granted where the court finds unresolved issues of material fact, even in situations where the

cross motions allege that no disputed facts exist.

STATEMENT OF FACTS

Browder is an inmate at the Oregon State Penetentiary ("OSP") which is operated by the Oregon Department of Corrections ("ODOC"). Defendant Michael Washington ("Washington") is employed as the chairman of the Oregon Board of Parole and Post-Prison Supervision ("Parole Baord"). Defendant Max Williams ("Williams") is the director of ODOC. Defendant Brian Belleque ("Belleque") is the superintendent of the OSP. Defendant Barbara Sullivan ("Sullivan") is a Prison Term Analyst for ODOC. Defendant Bill Davis ("Davis") is a parole and probation officer by Multnomah County, and supervised Browder between October 1992 and December 1994.[2]

On June 6, 1983, Browder was convicted of Kidnapping in the Second Degree and sentenced to eight years in prison to run consecutively to a fourteen year sentence for robbery. On June 24, 1983, Browder was convicted of two counts of Robbery in the First Degree and sentenced to twenty years in prison on each count to run consecutively to each other. His sentence expiration date was June 22, 2023. Browder was released from custody to parole on March 27, 1992. He was scheduled for a minimum of twelve months active parole supervision, with a tentative parole discharge date of March 26, 1993. His 1992 order of parole stated: "Discharge of parole prior to the Sentence Expiration Date [June 22, 2023] is contingent upon approval by the Board of Parole and payment in full of any money owing, pursuant to OAR 255-90 and 255-92." Exh. 101 to Defendant Washington's Motion for Summary Judgment, Washington Aff. ¶ 6.

---

[2]All defendants except Davis are represented by the State of Oregon. Davis is represented by Multnomah County.

Page 4 - FINDINGS AND RECOMMENDATION

In February 1993, Browder failed to report to Davis, his parole officer.  On March 3, 1993, as a result of his failure to report, Davis determined that Browder was in violation of the terms of his parole, reported the violation to the Parole Board, and requested that a warrant be issued for Browder's arrest.  The Parole Board issued the warrant and an order for the suspension of his parole supervision.  On March 16, 1993,  Browder was arrested and received a twenty-one day local jail sanction for violating the conditions of his parole.

On March 24, 1993, as a result of his March 3 parole violation, Davis issued a Notice of Violation and prepared a report to the Parole Board in which he recommended that Browder's parole be continued.  On March 31, 1993, a hearing was held and the hearings officer recommended that Browder's parole be continued.  Browder was verbally advised of the hearings officer's findings and recommendation.  On April 5, 1993, the Parole Board continued Browder's parole.  On May 3, 1993, Browder acknowledged by signature the Parole Board's order regarding his continued parole and probation.[3]

Davis failed to submit a recommendation or supervisory report to the Parole Board as to whether Browder should be discharged from parole by March 26, 1993, his tentative parole discharge date.  Such a recommendation normally is submitted thirty days prior to the tentative parole discharge date and would recommend discharge or no discharge.  Discharge from parole as of the tentative parole discharge date is not automatic and requires approval of the Parole

---

[3]To the extent that Browder alleges the Parole Board acted without authority in continuing his parole past 1993 or in failing to extend his tentative discharge date between 1992 and 1995, those arguments have been addressed and dismissed in Browder's previous actions in this court.  See  Browder v. Belleque, No. 03-1691-AA, Opinion and Order Issued October 31, 2005 at 9 (finding Browder's first habeas petition untimely); see also  Browder v. Belleque, No. 04-387-HA, Opinion and Order Issued November 9, 2006 at 4 (adopting the analysis and ruling in the previous habeas action regarding actions taken between 1993 and 1995).

Board.  Thus the Parole Board took no action in the nature of a review or decision on Browder's discharge from parole by March 26, 1993.  Browder was, in fact, in custody for the March 3 parole violation on March 26, 1993, the tentative parole discharge date.

Beginning in October 1995, Browder began incurring a series of parole violations.  His parole was revoked a total of six times between 1995 and 1999, and he served sanctions of 180 days, ninety days, ninety days, ninety days, and 143 days.  Parole was revoked finally in June 1999, and at the ensuing hearing, the Board of Parole determined that Browder could not be adequately controlled in the community.  The Parole Board set his release date for May 2014, after serving a 181 month term of incarceration.

On December 11, 2003, Browder submitted a request for administrative review to the Parole Board to have his case reopened.  Exh. H to Plaintiff's Amended Complaint.  On March 3, 2004, the Parole Board denied his request as untimely because the request was for review of Board Action Form ("BAF") #25 dated March 26, 1996, and requests for administrative review of a board action must be received within forty-five days of the mailing date, which was April 1, 1996.  BAF #25 is a form issued by the Parole Board that sanctioned Browder 180 days based on a finding of new criminal activity while under parole supervision, established a release date of May 6, 1996, and set a minimum period of supervision at twelve months.

PROCEDURAL BACKGROUND

The court notes that Browder has filed a number of actions since he was reincarcerated and that all of these actions are based on substantially the same facts and arguments.  Browder's appeal in one of those actions is still pending.  See Browder v. Belleque, No. 04-387-HA, March 8, 2007 docket entry confirming Ninth Circuit appeal.

In April 2000, Browder filed a state habeas corpus petition that was denied, appealed to the Oregon Court of Appeals, and finally to the Oregon Supreme Court. The single ground for relief in his Oregon Supreme Court petition was the 1993 failure to grant discharge from parole. The Oregon Supreme Court denied review in 2003.

In April 2003, Browder petitioned the Oregon Court of Appeals for judicial review of the Parole Board's denial of his request for administrative review. The Oregon Court of Appeals granted respondent's motion to dismiss, and the Oregon Supreme Court denied review in January 2004.

In December 2003, Browder filed a habeas corpus petition with this court based on the failure of the Parole Board to grant his discharge from parole in 1993. See Browder v. Belleque, No. 03-1691-AA, Opinion and Order Issued October 31, 2005. That petition was denied, and Browder appealed to the Ninth Circuit Court of Appeals which affirmed Judge Aiken's dismissal of the habeas petition. See Browder v. Belleque, No. 05-36204, 2007 WL 10171 (9th Cir. Jan. 3, 2007).

In March 2004, Browder filed another habeas corpus petition with this court based on the Parole Board's failure to consider discharging him from parole after he submitted an application in 2003, and other grounds. See Browder v. Belleque, No. 04-387-HA, Opinion and Order Issued November 9, 2006. In that petition, Browder sought to include a claim under 42 U.S.C. § 1983. Judge Haggerty found Browder's prayer for relief under § 1983 was barred under Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) and Heck v. Humphrey, 512 U.S. 477, 487 (1994), because Browder could not demonstrate that his conviction or sentence had been invalidated. Browder's second federal habeas petition was denied, and he appealed that decision

to the Ninth Circuit Court of Appeals in March 2007.[4]

ANALYSIS

Browder alleges that the Parole Board failed to follow its own discharge rules in 1993, and erroneously denied his request for a hearing in 2003 when he filed his request for Administrative Review.  Specifically, Browder alleges violation of his due process rights under the Fourteenth Amendment to the U.S. Constitution.  He seeks monetary damages, injunctive relief in the form of a parole hearing, and declaratory judgments that defendants violated his constitutional rights.  Browder also alleges that defendants mischaracterize his claim by erroneously concluding that he alleges he is entitled to be discharged rather than that he is entitled to be <u>considered</u> for discharge.  Defendants argue that Browder's claims are time-barred, that they are not liable under 42 U.S.C. § 1983, that Browder was not deprived of his right to due process, and that, in any event, they are entitled to qualified immunity.

I.    Voluntary Dismissal of Defendants

In his Memorandum In Support at ¶ 55, Browder requests that this court dismiss all claims against defendants Williams and Belleque.  The claims against Williams and Belleque should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).  Defendants' motion for summary judgment on claims against Williams and Belleque should be denied as moot, and Williams and Belleque should be dismissed from this lawsuit.

II.    Statute of Limitations

Browder argues that his claims are not barred by any applicable statute of limitations.

---

[4]The Ninth Circuit Court of Appeals assigned Browder's appeal the following number: 07-35165.

Page 8 - FINDINGS AND RECOMMENDATION

The statute of limitations for actions brought under 42 U.S.C. § 1983 is governed by the single analogous state statute for personal injury actions. 42 U.S.C. § 1988. In Oregon, the most analogous state statute is the Oregon Tort Claims Act, which provides a two-year statute of limitations. See Davis v. Harvey, 789 F.2d 1332, 1333 (9th Cir. 1986); Sain v. City of Bend, 309 F.3d 1134, 1138 (9th Cir. 2002). The limitations period begins to run when a plaintiff knows or has reason to know of the injury forming the basis of the action. Azer v. Connell, 306 F.3d 930, 936 (9th Cir. 2002).

      A.     State Defendants

      Browder's complaint was filed in September 2005. Defendants Washington and Sullivan argue that Browder's claims are time-barred because Browder's complaint focuses entirely on events that occurred in March 1993, well beyond the two-year statute of limitations. This court agrees in part. Following the February 2006 order dismissing two out of three of Browder's claims (# 10), his remaining cause of action for denial of his due process rights focus on two issues: (1) Browder's allegation that defendants violated his due process rights when they failed to take action regarding his tentative parole discharge date in 1993; and (2) the denial of his December 11, 2003, request to the Parole Board for Administrative Review, which became final on March 3, 2004. See Plaintiff's Memo in Support at ¶ 2, citing Exh. I to Plaintiff's Amended Complaint. As to the first claim, this court agrees with defendants that Browder's claim as to alleged due process violations for actions taken in 1993 are time-barred.[5] However, because Browder's second due process claim is based on an action that occurred within the two-year

---

      [5]This court notes that Browder's arguments as to alleged constitutional violations based on actions by defendants in 1993 have been explored in depth in both state and federal court and found lacking in substance.

Page 9 - FINDINGS AND RECOMMENDATION

statute of limitations, the claim that originates from the denial of the request for Administrative

Review on March 3, 2004, is not time barred.

        1.      Right to a Hearing in the Course of an Administrative Appeal

Browder alleges that based on his Administrative Appeal filed on December 11, 2003

and denied on March 3, 2004, he was entitled to a formal hearing to be considered for discharge

under Oregon law.  See Plaintiff's Memorandum in Support at ¶ 3, 14.  Browder argues that if he

had been given a hearing, he would have had the opportunity to present mitigating facts as to

why he should be discharged.  Defendants offer no resistance to this argument.  The Parole

Board denied Browder's request for review as untimely because he was contesting a Parole

Board action from March 26, 1996 and requests for administrative review must be filed within

forty-five days after the mailing date of a final action of the reviewed issue.  Exh. I to Plaintiff's

Amended Complaint, citing OAR 255-080-0005(2).

Browder's Administrative Appeal requests that his case be re-opened pursuant to OAR

255-080-0012(2) which states that:  "The Board may open a case for reconsideration of a finding

without receiving a request, without regard to time limits, and without opening all findings for

review and appeal."  While the Board may re-open a case, this statute does not provide that it

must.  Throughout the rest of his Administrative Appeal, Browder relies on arguments as to

defendants' alleged violations of his rights as a result of actions taken in 1993 and 1995 with

regard to his parole.  See Exh. H to Plaintiff's Amended Complaint.  In denying his request for

review as untimely, the Parole Board also noted that Browder failed to provide any new evidence

that would warrant the re-opening and reconsideration of the parole decision made in March

1996.

Browder contends that the Parole Board violated his due process rights in not granting him a hearing based on his Administrative Appeal.  Under Oregon law, if the Parole Board decides to open a case for review, it may conduct the review using different methods including an administrative hearing.  OAR 255-080-0012(3)(a)-(c).  However, petitioners have no inherent right to a hearing based on simply filing an Administrative Appeal.  To maintain a procedural due process claim, Browder must show that he was deprived of a constitutionally protected liberty or property interest, and denied adequate procedural protections.  See, e.g. Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist., 149 F.3d 971, 982 (9th Cir. 1998), cert. denied, 526 U.S. 1018 (1999).  The base requirement of the Due Process Clause is that a person deprived of property be given an opportunity to be heard "at a meaningful time and in a meaningful manner."  Armstrong v. Manzo, 380 U.S. 545, 552 (1965).  Here, Oregon law specifies that the Parole Board's decision whether to grant a hearing was discretionary.  Because Browder has not shown that the Parole Board's actions violated his due process rights, the state defendants' motion for summary judgment should be granted.

B.    Defendant Davis

Defendant Davis argues that Browder's claims against him are also time-barred.  This court agrees.  Davis was Browder's parole officer from 1992 to 1994.  Browder presents no evidence that any act or omission by Davis occurred within two years of the date of filing of his complaint with this court.  Also, Browder had knowledge of Davis' actions prior to September 2003 based on Browder's filing of previous lawsuits with identical arguments to the ones he makes here as to Davis' actions.  Also, on review of the same assertions Browder makes here, this court notes Judge Aiken's conclusion that Browder's claim of misrepresentation of facts by

Page 11 - FINDINGS AND RECOMMENDATION

Davis prior to 1995 is not credible.[6]  Browder's claims against Davis are time-barred such that summary judgment should be granted to Davis.

      C.     Equitable Tolling

Browder argues that the statute of limitations should be tolled because he was provided inaccurate information by defendants such that extraordinary circumstances are present.  See Plaintiff's Memo in Support at ¶ 29, 30.  When a state's limitations period is used in a § 1983 action, the state's accompanying tolling rules must also be used under Board of Regents v. Tomanio, 446 U.S. 478, 484 (1980).  See, e.g., Johnson v. State of Cal., 207 F.3d 650, 653 (9th Cir. 2000) (applying California tolling provision to inmate's § 1983 claim).  Browder presented this same argument in his first habeas petition to this court in 2005, and renewed the argument before the Ninth Circuit Court of Appeals which found that "[t]he record does not reflect extraordinary circumstances preventing timely filing that we have required to warrant equitable tolling."  Browder v. Belleque, No. 05-36204, 2007 WL 10171 (9th Cir. Jan. 3, 2007).  As Browder fails to present any new evidence, this court will follow previous rulings on this issue.


III.    Liability of State Officials under 42 U.S.C. § 1983

Browder named Michael Washington ("Washington") as a co-defendant when he filed his complaint and thus alleges that Washington was responsible for the denial of Browder's right to due process.  Washington is the chairman of the Board of Parole and Post Prison Supervision.  State officials may not be held liable under § 1983 on a respondeat superior theory.  Monell v.

---

[6]In ruling on Browder's first federal habeas petition, Judge Aiken reviewed and dismissed Browder's argument that Davis provided false information to him.  See Browder v. Belleque, No. 03-1691-AA, Opinion and Order Issued October 31, 2005 at 10-11 (tracing plaintiff's shifting reasons for not timely filing his petition).

<u>Dept. of Social Services of New York</u>, 436 U.S. 658, 691-94 (1978); <u>see also</u> <u>King v. Atiyeh</u>, 814 F.2d 565, 568 (9th Cir. 1987). A supervisor may be liable based on his personal involvement in the alleged deprivation, or if there is a sufficient causal connection between the supervisor's alleged wrongful conduct and the alleged deprivation. <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989). However, "a supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted).

Here, Browder fails to present any facts that would support a finding that Washington was personally involved in supervising Browder's parole, or that he participated in or directed any of the activities that Browder alleges violated his rights. Nor does Browder present any evidence that Washington knew of or failed to prevent the actions that Browder alleges violated his rights. Because Browder fails to make specific allegations that Washington knew of some unconstitutional practices by Parole Board staff and approved of them, individual liability can not be sustained. Washington's motion for summary judgment based on <u>respondeat superior</u> liability under § 1983 should be granted, and Browder's cross-motion should be denied.

IV.    Immunity of Parole Board Officials

Washington also argues that he is entitled to immunity based on his status as chairman of the Board of Parole and Post Prison Supervision. Parole Board officials are entitled to absolute immunity in making decisions to deny or revoke parole. <u>Anderson v. Boyd</u>, 714 F.2d 906, 908-09 (9th Cir. 1983); <u>see also</u> <u>Swift v. California</u>, 384 F.3d 1184, 1191 (9th Cir. 2004) (reviewing and limiting <u>Anderson</u>). As explained above, Browder does not allege with specificity what role Washington played in parole decisions related to Browder. To the extent that Browder named

Washington as a defendant in this action based on Washington's decisionmaking capacity with regard to Browder's parole, Washington is entitled to absolute immunity.

V.      Qualified Immunity

Defendants contend that they are entitled to qualified immunity as government officials. Government officials performing discretionary functions enjoy qualified immunity from liability for civil damages so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  The Ninth Circuit articulated a two-part analysis for determining officials' qualified immunity:  "(1) Was the law governing the official's conduct clearly established?  (2) Under the law, could a reasonable officer have believed the conduct was lawful?"  Neely v. Feinstein, 50 F.3d 1502, 1507 (9th Cir.  1995), citing Act Up! Portland v. Bagley, 988 F.2d 868, 871 (9th Cir. 1993)).

A court required to rule upon the issue of qualified immunity must consider this threshold question:  taken in the light most favorable to the party asserting injury, do the facts alleged show the officer's conduct violated a constitutional right?  Saucier v. Katz, 533 U.S. 194, 201 (2001).  If plaintiff's constitutional rights would not have been violated even if the allegations were established, then further inquiries concerning qualified immunity are not necessary.  Id. Even if a constitutional violation were established, a public official may nevertheless be entitled to qualified immunity if he reasonably could have believed his conduct was lawful.  Marquez v. Gutierrez, 322 F.3d 689, 692 (9th Cir. 2003).  Overall, "[t]he qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'"  Hunter v. Bryant, 502 U.S. 224, 229 (1991), quoting  Malley v.

Page 14 - FINDINGS AND RECOMMENDATION

Briggs, 475 U.S. 335, 341 (1986).

Browder contends that Washington and Sullivan violated his due process rights in not considering him for discharge from parole based on his tentative parole discharge date of March 26, 1993.  Browder contends that while Davis was his probation officer from 1992 to 1994, Davis misled Browder or failed to provide him with accurate information as to his parole status. Browder's assertions are based on a theory that Davis' failure to submit a report or recommendation in 1993 as to whether Browder should remain on parole or be discharged by his tentative parole discharge date caused the Parole Board not to consider whether Browder should be discharged.  The Parole Board, in fact, did not consider Browder for discharge by his tentative parole discharge date.

As explained above, Browder failed to report to Davis as scheduled in February 1993. On March 3, 1993, Davis requested that a warrant be issued for Browder's arrest because Browder was in violation of the terms of his parole.  Browder was arrested on March 16, 1993, and received a twenty-one day local jail sanction.  He was incarcerated on his tentative parole discharge date.  On March 24, 1993, Davis issued a Notice of Violation and prepared a report to the Parole Board recommending that Browder's parole be continued.  On April 5, 1993, the Parole Board continued Browder's parole.  Browder contends that Davis misled him about the terms of his parole being continued.

Under the test for qualified immunity, this court finds that Davis acted reasonably and did not knowingly violate the law.  He is entitled to immunity for his actions as Browder's parole supervisor.  A reasonable parole officer would assume that his request for a warrant and his recommendation that parole be continued was tantamount to a recommendation that Browder not

be discharged from parole on his tentative parole discharge date.  A qualified immunity analysis requires the court to determine the objective reasonableness of the defendant's conduct by examining whether a  reasonable probation officer could have believed his conduct was in accordance with the law, based on the information the probation officer possessed.  See Anderson v. Creighton, 483 U.S. 635, 640 (1987).  While, technically, Davis may have erred in not submitting a  recommendation to the Parole Board, since Browder was not in compliance with his parole terms at the time, any such recommendation would not have recommended discharge.  Furthermore, the Parole Board would not have considered granting a discharge to a parolee who was incarcerated for a parole violation  on his tentative parole discharge date. Davis' motion for summary judgment based on qualified immunity should be granted.

Washington and Sullivan are also entitled to qualified immunity for their actions.  While Browder argues that they violated his due process rights in not considering him for discharge from parole by his tentative parole discharge date, the decision whether to discharge a paroled prisoner is entirely within the discretion of the state Parole Board.  See Green v. Baldwin, 204 Or. App. 351, 356-57 (Or. Ct. App. 2006).  Discharge is not automatic on the tentative discharge date, but requires affirmative Parole Board action.  Haskins v. Palmateer, 186 Or. App. 159, 166 (Or. Ct. App.), rev. denied, 335 Or. 510 (2003).  Based on Browder's parole violation in February 1993, prior to the expiration of his twelve months of active supervision after release, this court cannot find that the state defendants acted unlawfully in not considering Browder for discharge from parole.  Under the former ORS 144.310 (1982),[7] discharge from parole was only appropriate when "a paroled prisoner has performed the obligations of his parole."  Browder had

-----

[7]This statute was in effect at the time in question and was subsequently repealed.

violated his parole and the Parole Board was under no obligation to consider him for discharge from parole. Because the state defendants acted reasonably and in accordance with the law based on the information available to them, they are entitled to qualified immunity for their actions in continuing Browder's parole. The state defendants' motion for summary judgment on the issue of qualified immunity should be granted.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

Page 17 - FINDINGS AND RECOMMENDATION

CONCLUSION

For the foregoing reasons, this court recommends that plaintiff's claims against defendants Williams and Belleque should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), defendants' motion for summary judgment (#44) on claims against Williams and Belleque should be denied as moot, and Williams and Belleque should be dismissed from this lawsuit. This court further recommends granting defendants' motions for summary judgment (#44, 47) as to claims against defendants Washington, Sullivan and Davis, and denying plaintiff's motion for summary judgment (#55). A judgment should be prepared dismissing this action with prejudice.

SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due May 8, 2007. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 20th day of April, 2007.


\_\_\_/s/ Paul Papak_____
Honorable Paul Papak
United States Magistrate Judge